

**ORDERED in the Southern District of Florida on November 24, 2021.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:               )
                    )
DAVID PEREZ and SILVIA OROZCO, )
                    )
         Debtors. )
                    )

CASE NO. 15-16136-RAM
CHAPTER 7

**ORDER GRANTING IN PART**
**MOTION TO COMPEL SURRENDER**

The Court conducted hearings on September 23, 2021 and November 23, 2021, on a Motion to Reopen Bankruptcy Case to Compel Surrender of Real Property (the "Motion") [DE# 138], filed by Creditor, Red Stick Acquisitions, LLC ("Red Stick"). By prior Order [DE# 144], the Motion was granted in part, the case was reopened, and the Court set a further hearing and briefing deadlines.

After review of the record, including the Motion, Response in Opposition to Motion to Reopen Bankruptcy Case to Compel Surrender

of Real Property (the "Debtors' Response") [DE# 150], and Red Stick's Reply [DE# 151], after consideration of the arguments presented by counsel at the November 23rd hearing, and after review of applicable law, the Court finds and concludes as follows:

A.   The Debtors filed this chapter 7 case on April 4, 2015 and, in Schedule A, they listed their home located at 10971 SW 246th Street, Homestead, FL (the "Property").

B.   In their chapter 7 case, the Debtors attempted to modify the mortgage on the Property held by Wells Fargo Bank, N.A. ("Wells Fargo"), under the Court's Mortgage Modification Mediation ("MMM") Program.

C.   No agreement was reached, and stay relief was granted to Wells Fargo on May 20, 2016 [DE# 101], allowing Wells Fargo to prosecute its foreclosure case against the Debtors, Case No. 2012-CA-1976, Circuit Court, Miami-Dade, County (the "Foreclosure Case").

D.   In their Statement of Intentions, the Debtors state that they will retain the Property "only if modified in MMM" [DE# 19, p. 33].

E.   Because MMM failed, the Debtors are deemed to have surrendered the Property. Moreover, because the Trustee abandoned any interest in the Property [DE# 107], the Property was surrendered to Wells Fargo. *See In re Failla*, 838 F.3d 1170, 1175 (11th Cir. 2016).

F.   Wells Fargo obtained a final judgment against the Debtors in the Foreclosure Case in 2016, but it moved to vacate the judgment to add two junior lienholders.

G.   The note and mortgage held by Wells Fargo (the "Note and Mortgage") were assigned in 2017 to the Secretary of Housing and Urban Development ("HUD").   HUD assigned the Note and Mortgage to Wilmington Savings Fund Society, FSB in 2017, which then assigned the Note and Mortgage in 2017 to the Investment Fund IV, LP.   In 2020, the Investment Fund IV, LP assigned the Note and Mortgage to Red Stick.   The assignments described in this paragraph will be referred to collectively as the "Post-Bankruptcy Assignments".

H.   Debtors' current counsel in the Foreclosure Case has challenged Wells Fargo's standing.   Red Stick filed the Motion seeking an Order barring the Debtors from raising this defense because the Property was surrendered to Wells Fargo in this bankruptcy case.

I.   The Debtor/Husband, David Perez, filed an affidavit in the Foreclosure Case stating that "I never surrendered my home in the Bankruptcy proceeding" [DE# 138, p. 113].   There is no basis in the record of this bankruptcy case to support Debtor's statement.

J.   In *Failla*, the 11th Circuit ruled that "debtors who surrender their property can no longer contest a foreclosure action."   838 F.3d at 1175.

K.   Because the Property was surrendered to Wells Fargo, the Debtors are barred from challenging Wells Fargo's standing to foreclose when Wells Fargo held the Note and Mortgage.

L.   The Debtors are not barred from challenging Red Stick's standing based on any legal challenges to the Post-Bankruptcy Assignments. *See In re Thomas*, 2017 Bankr. LEXIS 2204 (Bankr. S.D. Fla., Feb. 10, 2017).

Based upon the foregoing findings, and the additional findings entered on the record at the conclusion of the November 23rd hearing, which are incorporated here by reference, it is -

**ORDERED** as follows:

1.   The Motion is granted in part.

2.   The Debtors are precluded from challenging Wells Fargo's standing in the Foreclosure Case but may contest Red Stick's standing if they assert challenges to the Post-Bankruptcy Assignments.

3.   To be clear, the Debtors are precluded from challenging Red Stick's standing based upon any challenge to Wells Fargo's standing.

###

COPIES FURNISHED TO:
Owen H. Sokolof, Esq.
Robert F. Reynolds, Esq.

David Perez and
Silvia Orozco
10971 SW 246 St.
Homestead, FL 33032

4

(Attorney Sokolof is directed to serve a copy of this Order on the
Debtors and on the Debtors' state court counsel, Bruce Jacobs, Esq.,
and to file a Certificate of Service)